997 So.2d 496 (2008)
Hiram CORDONES, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D08-3847.
District Court of Appeal of Florida, Fifth District.
December 19, 2008.
Robert Wesley, Public Defender, and Felix A. Felicier, Assistant Public Defender, Orlando, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Respondent.
EVANDER, J.
Cordones filed a petition for writ of habeas corpus seeking his immediate release *497 from the Orange County jail. We previously entered an order granting the petition. We issue this opinion to explain the basis for our decision.
Cordones was charged in July 2000 with aggravated assault with a deadly weapon and improper exhibition of a dangerous weapon or firearm. On October 3, 2001, he was adjudicated not guilty by reason of insanity. The trial court found that, at the time of the adjudication, Cordones did not meet the criteria for involuntary commitment. Pursuant to section 916.17, Florida Statutes (2001),[1] the trial court placed Cordones on conditional release requiring him, inter alia, to obtain outpatient treatment for his mental illness from Lakeside Alternative Mental Health Center (Lakeside) and to take psychotropic medication as prescribed by his attending psychiatrist. Significantly, the order provided that Cordones was to be on conditional release "for a period not to exceed one year."
Six years later, a Lakeside employee notified the trial court, in writing, that Lakeside was no longer able to monitor Cordones' conditional release and that Cordones' last involvement with Lakeside was in 2003. In apparent response to this letter, the trial court scheduled a status conference on Cordones' case. When Cordones failed to appear for the status conference, a capias was issued. On July 30, 2008, Cordones was picked up and delivered to the Orange County jail where he was held without bond. Cordones' motion to be released on his own recognizance was denied on October 21, 2008. The trial court ordered Cordones to be reevaluated and scheduled a new hearing for December 22, 2008.
Section 916.17(2), Florida Statutes (2007) provides that upon the filing of a sworn statement by any person that a defendant has failed to comply with the terms of his conditional release, the trial court shall hold a hearing within seven days after receipt of the sworn statement.[2] After the hearing, the trial court may modify the release conditions, discharge the defendant,[3] or, after the appointment and the report of experts, commit the defendant to the custody of the Department of Children and Families if the criteria for involuntary treatment are met.
The State argues that the trial court had, within its inherent power to enforce court orders, the authority to confine Cordones until it could obtain updated psychiatric reports. We find it unnecessary to determine whether the trial court had this authority because the State's argument fails to address the fact that the October 3, 2001 order of adjudication specifically provided that the term of Cordones' conditional release was not to exceed one year. The record before us is devoid of any sworn statement reflecting that Cordones had failed to comply with the terms of his conditional release. The unsworn letter from the Lakeside employee simply advised the trial court that Cordones' "last *498 involvement" with Lakeside was in 2003. However, Cordones' conditional release status was to terminate on October 2, 2002. Thus, even if the Lakeside employee's statement had been made under oath, it would not have stated a basis to believe that Cordones had violated the terms of his conditional release. From the limited record before us, we see no lawful basis to support Cordones' detention.
Writ of Habeas Corpus GRANTED.
ORFINGER and MONACO, JJ., concur.
NOTES
[1] See also Fla. R.Crim. P. 3.219.
[2] Section 916.17, Conditional Release.

(2) Upon the filing of an affidavit or statement under oath by any person that the defendant has failed to comply with the conditions of release, that the defendant's condition has deteriorated to the point that inpatient care is required, or that the release conditions should be modified, the court shall hold a hearing within 7 days after receipt of the affidavit or statement under oath. After the hearing, the court may modify the release conditions. The court may also order that the defendant be returned to the department if it is found, after the appointment and report of experts, that the person meets the criteria for involuntary commitment under s. 916.13 or s. 916.15.
[3] § 916.17(3), Fla. Stat. (2007).